

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,033-03

**EX PARTE ERNESTO BENAVIDES, JR., Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-CR-00000108-A IN THE 107TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and was sentenced, pursuant to Section 12.44(a) of the Texas Penal Code, to twelve months in county jail. He did not appeal his conviction.

Applicant contends that his plea was involuntary because counsel refused to go to trial even though Applicant wanted to contest the charges. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and

involuntary plea.   The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.   If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary.  The trial court shall make findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.  The trial court shall also make findings as to whether Applicant's claims are barred by the equitable doctrine of laches.[1]  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 12, 2017
Do not publish

---

[1]  Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith*, 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").